**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000298
08-NOV-2013
08:55 AM**

NO. CAAP-11-0000298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTOPHER LABOY, Defendant-Appellant,
and
CLIFFORD R. LABOY, Defendant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0843)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Christopher Laboy (Laboy) appeals from the Judgment of Conviction and Probation Sentence filed on February 23, 2011, in the Circuit Court of the First Circuit (circuit court).[1] Judgment was entered against Laboy for Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711 (Supp. 2012).[2]

The case arises from an incident in which Laboy's father, Clifford Laboy (Father), and Complaining Witness Sunil Joseph (CW Joseph) were playing basketball on opposing teams and

---

[1] The Honorable Dexter D. Del Rosario presided.

[2] HRS § 707-711(1)(a)-(b) provides that "[a] person commits the offense of assault in the second degree if: (a) [t]he person intentionally or knowingly causes substantial bodily injury to another; (b) [t]he person recklessly causes serious or substantial bodily injury to another . . . ."

got into an altercation.  Laboy, who was watching the game from the stands, became involved and ultimately struck CW Joseph.

On appeal, Laboy contends that the circuit court erred by: (1) admitting testimony regarding CW Joseph's nonviolent character; (2) denying Laboy's requested instruction on the lesser included offense of Assault in the Third Degree; (3) including the phrase "immediately necessary" intervention rather than "necessary" intervention in the defense-of-others instruction; and (4) failing to instruct the jury on a mistake-of-fact defense.  Laboy further contends that, if the above alleged errors do not individually entitle him to a new trial, the cumulative effect of all of the individual errors deprived Laboy of his due process right to a fair trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm and resolve Laboy's points of error as set forth below.

## I. Admission of Character Evidence

Laboy alleges that the circuit court violated Hawaii Rules of Evidence (HRE) 404(a)(2) (Supp. 2012) by admitting testimony by Jonathan Tanibe (Tanibe) regarding CW Joseph's nonviolent character.  Tanibe testified that, during the confrontation between Father and CW Joseph, he jumped in front of Father so the situation would not escalate.  He did not jump in front of CW Joseph because "[k]nowing [CW Joseph] in my past, he's not a fighter."  The circuit court overruled Defense counsel's general objection to this testimony.

"Evidentiary rulings are reviewed for abuse of discretion, unless application of the rule admits of only one correct result, in which case review is under the right/wrong standard."  State v. Ortiz, 91 Hawai'i 181, 189, 981 P.2d 1127, 1135 (1999) (citation and internal quotation marks omitted).

Laboy did not specifically object on HRE Rule 404(a) grounds and therefore failed to preserve his claim for appeal.

2

See HRE Rule 103(a)(1) (Supp. 2012) (providing that to preserve a claim of error over the admission of evidence, a party must "stat[e] the specific ground of objection, if the specific ground was not apparent from the context[.]"). Even assuming arguendo that Laboy preserved his HRE Rule 404(a) claim for appeal, the character evidence at issue does not fall under HRE Rule 404(a) because the evidence was not used "for the purpose of proving action in conformity therewith[.]" Rather, Tanibe's testimony was relevant to explain why he decided to jump in front of Father as opposed to CW Joseph. Tanibe's testimony is thus not precluded by HRE Rule 404.

In addition, we cannot say that the circuit court abused its discretion in determining that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. As noted, Tanibe's testimony was offered for a non-propensity purpose. Furthermore, during the cross-examination of CW Joseph, Laboy asked, "You got into fights before playing basketball?" and CW Joseph responded, "Never in my life have I ever been into one fight." Given the non-propensity purpose for which Tanibe's testimony was offered and CW Joseph's unchallenged testimony, we conclude that Tanibe's testimony was not precluded by HRE Rule 403 (1993).

## II. Requested Instruction on Assault in the Third Degree

Laboy asserts that the circuit court erroneously denied his request to instruct the jury on the lesser included offense of Assault in the Third Degree.[3] Even if we assume arguendo that it was error not to provide the requested instruction, it was harmless error.

A circuit court's failure to instruct on a lesser included offense is harmless "when the jury convicts the defendant of . . . an included offense greater than the included offense erroneously omitted from the instructions." State v.

---

[3] Laboy was charged with Assault in the First Degree, but convicted of the lesser included offense of Assault in the Second Degree.

3

Haanio, 94 Hawaiʻi 405, 415, 16 P.3d 246, 256 (2001). Here, the jury found Laboy guilty of the greater offense of Assault in the Second Degree.

## III. Defense-of-Others Jury Instruction

Laboy contends that the defense-of-others jury instruction was erroneous because it stated that Laboy's intervention must have been "immediately necessary" to protect the other person, his Father.

Laboy did not object at trial to the jury instructions on these grounds, therefore we review this point for plain error. State v. Sawyer, 88 Hawaiʻi 325, 330, 966 P.2d 637, 642 (1998).

The circuit court "is not required to instruct the jury in the exact words of the applicable statute but to present the jury with an understandable instruction that aids the jury in applying that law to the facts of the case." Id. (citation and internal quotation mark omitted). Given the structure of HRS § 703-305 (1993),[4] the "immediately necessary" language is implicit in a defense based on defense-of-others.

---

[4] HRS § 703-305 states in relevant part:

§703-305 **Use of force for the protection of other persons.** (1) Subject to the provisions of this section and of section 703-310, the use of force upon or toward the person of another is justifiable to protect a third person when:
  (a)  Under the circumstances as the actor believes them to be, the person whom the actor seeks to protect would be justified in using such protective force; and
  (b)  The actor believes that the actor's intervention is necessary for the protection of the other person.

In turn, HRS § 703-304 (1993) sets forth whether the third person would be justified in using protective force. That statute states, in pertinent part:

§703-304 **Use of force in self protection.** . . . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

(emphasis added).

4

> [U]nder HRS § 703-305, in order to use force to protect a third person, the actor must have a reasonable belief that, as to the third person . . . force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion . . . ."

State v. Mark, 123 Hawai'i 205, 220, 231 P.3d 478, 493 (2010) (internal quotation mark omitted).

Here, the circuit court's defense-of-others instruction explained that Father would have been justified in using force upon or toward CW Joseph if Father reasonably believed that such force was *immediately necessary* to protect himself against the use of unlawful force by CW Joseph. The phrase "immediately necessary" assists the jury in understanding whether Father would have been able to assert self-defense, and thus in turn whether Laboy properly acted in defense of Father.

Moreover, the given instruction is substantially similar to Hawai'i Standard Jury Instruction, Criminal ("HAWJIC") 7.02 (Defense of Others) (2008).[5] In discussing HAWJIC 7.02, along with HAWJIC 7.01 (Self-Defense), the Hawai'i Supreme Court has used the phrase "immediately necessary" as pertaining to both defense-of-others and self-defense. State v. Augustin, 101 Hawai'i 127, 128, 63 P.3d 1097, 1098 (2002).

Thus, it was not plain error for the circuit court to include the phrase "immediately necessary" in the defense-of-others instruction.

## IV. Mistake-of-Fact Defense

Laboy contends that the circuit court plainly erred by failing to include a jury instruction on the mistake-of-fact defense along with the defense-of-others instruction.[6] Laboy

---

[5] HAWJIC 7.02 states in relevant part that "[t]he use of force upon or toward another person is justified to protect a third person when . . . the defendant reasonably believed that his/her intervention is immediately necessary to protect the third person." HAWJIC 7.02 (2008)

[6] The mistake-of-fact defense "is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if: (1) [t]he ignorance or mistake negatives the state of mind required to establish an element of the offense . . . ." HRS § 702-218(1) (1993).

contends that "[t]he defense never explicitly claimed that [Laboy's] view of the circumstances was mistaken, but rather argued that [Laboy's] subjective assessment of the situation, and the need for [Laboy] to immediately intervene to protect Father, were objectively reasonable." Nonetheless, he contends that a mistake-of-fact instruction should have accompanied the defense-of-others instruction because it would have aided the jury in determining whether Laboy's beliefs were reasonable even if he happened to be mistaken about the circumstances.

When a mistake-of-fact jury instruction is not requested or given at trial, and its omission is asserted as error for the first time on appeal, the plain error standard applies. State v. Taylor, 130 Hawai'i 196, 205, 307 P.3d 1142, 1151 (2013). "Plain error exists if the substantial rights of the defendant have been affected adversely." Id. (citation, internal quotation marks, and brackets omitted).

The circuit court did not plainly err in failing to give a mistake-of-fact instruction to the jury because a mistaken belief that protective force is necessary is already addressed by instructions on justification defenses. In State v. Smith, 91 Hawai'i 450, 984 P.2d 1276 (App. 1999), the defendant had been convicted of attempted murder and asserted on appeal inter alia that the trial court erred in failing to give a jury instruction on the mistake-of-fact defense because he "may have mistakenly believed that the [complainants] were coming forward to seriously harm him. In other words, [the defendant contended] that he may have intentionally engaged in the prohibited conduct because he mistakenly believed he was acting in self-defense." Id. at 463-464, 984 P.2d at 1289-90 (some brackets added; internal quotation mark and some brackets omitted). This court determined that a mistake-of-fact instruction was not required, explaining that:

6

> Self-defense is a justification defense. With respect to justification defenses, the Supplemental Commentary to § 702-205 (1993) notes as follows:
>
> > The Legislature enacted § 702-205 of the Proposed Draft of the Code without change; however, in Chapter 703, dealing with defenses of justification, the Legislature departed from the Proposed Draft and required an objective assessment of the defendant's state of mind, or a "reasonable belief" on the defendant's part, respecting the attendant circumstances which justify conduct otherwise deemed unlawful.
>
> In other words, <u>Smith's mistaken belief that the brothers were attacking him is covered under the defense of self-defense</u>. The record shows that the jury was properly instructed concerning Smith's defense of self-defense.

<u>Id.</u> at 464, 984 P.2d at 1290 (emphasis added).

The logic of <u>Smith</u> is applicable here, where Laboy is asserting that his actions were justified under the theory of defense-of-others.

Moreover, the defense-of-others instruction provided by the circuit court in this case, pertaining to Laboy's reasonable belief,[7] is substantially similar to instructions that the Hawai'i Supreme Court held was "fully consonant with the controlling statutory and case law of this state." <u>Augustin</u>, 101 Hawai'i at 127, 63 P.3d at 1097.

Thus, the circuit court did not plainly err in failing to give a mistake-of-fact instruction.

## V. <u>Cummulative Weight of Errors</u>

Laboy, citing to <u>State v. Amorin</u>, 58 Haw. 623, 631, 574 P.2d 895, 900 (1978), argues that the cumulative weight of the errors created "such an atmosphere of bias and prejudice so as to deprive the defendant of a fair trial." We disagree.

As discussed above, we do not conclude that the circuit court committed any of the errors raised by Laboy. At most, we assume *arguendo* that it was error not to give an instruction on

---

[7] The circuit court instructed the jury that "the reasonableness of the defendant's belief shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be."

assault in the third degree, but which would be harmless under Haanio. Thus, there were no cumulative errors and the proposition cited from Amorin is inapposite.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on February 23, 2011, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 8, 2013.

On the briefs:

Karen T. Nakasone
Summer M.M. Kupau
Deputy Public Defender
Office of the Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge